UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIAL BRAVO ZAMBRANO, et al., | No. 1:20-cv-00595-DAD-JLT |
| Petitioners, | |
| v. | ORDER DISMISSING HABEAS PETITION AS TO PETITIONERS VILLALOBOS AND SPITZAUER, WITHOUT PREJUDICE, DUE TO LACK OF JURISDICITON |
| CHAD F. WOLF, et al., | |
| Respondents. | (Doc. No. 1) |

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on behalf of petitioners Jorge Villalobos and Michael Spitzauer ("petitioners"). (Doc. No. 1)[1] The petition is based upon the risks to petitioners posed by the ongoing coronavirus ("COVID-19") outbreak. (*Id.*) For the reasons set forth below, the petition will be dismissed, without prejudice, due to a lack of jurisdiction in this court.

/////

---

[1] Three petitioners initiated this case by filing a single petition with this court. (Doc. No. 1). Pursuant to the joint stipulation filed by petitioner Marcial Bravo Zambrano and respondents (Doc. No. 4), the court stayed this case to petitioner Zambrano only (Doc. No. 6). This order addresses the pending petition only as to petitioner Villalobos and petitioner Spitzauer; this order does not impact the stay of this case as to petitioner Zambrano.

1

# BACKGROUND

On April 24, 2020, petitioners filed the pending petition pursuant to 28 U.S.C. § 2241 (Doc. No. 1.) On May 11, 2020, respondents filed their response to the pending petition, and on May 19, 2020, petitioners filed their reply thereto. (Doc. Nos. 5, 7.)

Petitioner Villalobos is a federal prisoner currently in the custody of the U.S. Bureau of Prisons ("BOP") and is serving a sentence imposed by the U.S. District Court for the Central District of California in *United States v. Villalobos*, 2:17-cr-00329-R-1. (Doc. No. 5 at 1.) Petitioner Villalobos is currently incarcerated at Federal Correctional Institution North Lake ("FCI-North Lake"), in Baldwin, Lake County, Michigan. (Doc. No. 7 at 3.)

Petitioner Spitzauer is a federal prisoner currently in the custody of the BOP and is serving a sentence imposed by the U.S. District Court for the Eastern District of Washington in *United States v. Spitzauer*, 2:13-cr-06071-SMJ-1. (Doc. No. 5 at 1.) Petitioner Spitzauer is currently incarcerated at FCI-North Lake, in Baldwin, Lake County, Michigan. (Doc. No. 7 at 3.)

# LEGAL STANDARD

"[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (noting that "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court").

A petitioner must file a § 2241 petition in the district that has jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). For a § 2241 petitions, the proper district is the one with jurisdiction over the warden of the facility where the petitioner is confined. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (noting that "the proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian,'" which is "the person having a day-to-day control over the prisoner") (internal citations omitted)

/////

**ANALYSIS**

Here, respondents argue that the pending § 2241 habeas petition should be dismissed for lack of jurisdiction because petitioners are currently incarcerated at FCI-North Lake, which is located within the Western District of Michigan, not within the Eastern District of California. (Doc. No. 5 at 1.)  Alternatively, respondents contend that the court should sever and transfer petitioners' habeas claims to the district courts that sentenced petitioners because the COVID-19 related relief sought is properly raised in the sentencing court. (Doc. No. 5 at 2–4).  The respondents argue that this court cannot simply construe the pending petition as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which must be filed in the sentencing court, because this court would still lack jurisdiction over petitioners' COVID-19-related claims and requested relief.

In reply, petitioners do not address respondents' arguments other than to "ask this Court to take jurisdiction," and stating that both petitioners "were initially housed at Taft Correctional Institution in Taft, California, a facility whose jurisdiction falls within this court's district." (Doc. No. 7 at 2, 4.)

The court finds that it lacks jurisdiction over the pending petition as to petitioners Villalobos and Spitzauer because they are no longer incarcerated in a facility located within the Eastern District of California, and petitioners are not serving a sentence imposed by the U.S. District Court for the Eastern District of California.  However, the court finds that severing and transferring each petitioners' habeas claims is not feasible under these circumstances.  In this regard, it is not clear to the court, and petitioners did not clarify in their reply, whether petitioners would wish to proceed with a § 2241 petition in the custodial court or with a § 3582 compassionate release motion in their respective sentencing courts.  Moreover, the pending petition does not address petitioners' present conditions at FCI-North Lake or name the warden at FCI-North Lake as a respondent.  Rather, the allegations in the petition pertain to alleged conditions at Taft Correctional Institution and name the Warden of Taft Correctional Institution as a respondent and immediate custodian. (Doc. No. 1 at 10.)

/////

Accordingly, the court will dismiss the pending § 2241 habeas petition as to petitioner Villalobos, without prejudice to petitioner's refiling of a § 2241 petition in the custodial court, the U.S. District Court for the Western District of Michigan, or the filing of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), in the sentencing court, the U.S. District Court for the Central District of California.

The court will also dismiss the pending § 2241 habeas petition as to petitioner Spitzauer, without prejudice to petitioner's filing a § 2241 petition in the custodial court, the U.S. District Court for the Western District of Michigan, or the filing of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), in the sentencing court, the U.S. District Court for the Eastern District of Washington.

**CONCLUSION**

For the reasons discussed above:

1. The petition for a writ of habeas corpus (Doc. No. 1) as to petitioner Villalobos is dismissed, without prejudice, for lack of jurisdiction;

2. The petition for a writ of habeas corpus (Doc. No. 1) as to petitioner Spitzauer is dismissed, without prejudice, for lack of jurisdiction; and

3. The petition for a writ of habeas corpus (Doc. No. 1) as to petitioner Zambrano shall remain stayed.

IT IS SO ORDERED.

Dated:   **May 22, 2020**

UNITED STATES DISTRICT JUDGE